# UNITED STATES DISTRICT COURT
для the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Jaime GARCIA-MOGOLLAN<br>aka Jaime MOGOLLAN<br><br>*Defendant(s)* | Case No. 3:25-mj-70537 MAG |

**FILED**
May 02 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of August 19, 2023 in the county of San Mateo in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Deported Alien Found in United States |

Penalties: Maximum of 2 years prison, 3 years supervised release, $250,000 fine, Forfeiture, Deportation, Special Assessment of $100

This criminal complaint is based on these facts:

See attached affidavit of HSI SA Grant Zonaras

☑ Continued on the attached sheet.

/s/
*Complainant's signature*
Grant Zonaras, HSI Special Agent
*Printed name and title*

Approved as to form /s/ Maya Karwande
AUSA Maya Karwande

Sworn to before me by telephone.

Date: 05/02/2025

*Judge's signature*

City and state: San Francisco, CA    Hon. Alex G. Tse, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF HOMELAND SECURITY INVESTIGATIONS SPECIAL AGENT GRANT ZONARAS IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Grant Zonaras, a Special Agent of Homeland Security Investigations, being duly sworn, declare and state that:

## INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. I make this Affidavit in support of an application for a criminal complaint and arrest warrant charging **Jaime GARCIA-MOGOLLAN ("GARCIA-MOGOLLAN")** with Deported Alien Found in United States, in violation of 8 U.S.C §§ 1326(a), occurring on or about August 19, 2023.

## SOURCES OF INFORMATION

2. The statements made in this Affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Deportation Officers and other law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant for **GARCIA-MOGOLLAN**. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed since June 30th, 2024, at Santa Rosa, California. As part of my duties as a Special Agent for HSI, I investigate criminal violations related to transnational criminal organizations, securing borders, protecting national security, and ensuring community safety. Prior to HSI I worked for United States Customs and Border Protection (CBP) as an Officer. As a CBP Officer my responsibilities were border security—including anti-terrorism, immigration, anti-smuggling, trade compliance, and agriculture protection—while simultaneously facilitating the lawful trade and travel at U.S. ports of entry. I am a graduate of Northern Arizona University with a Bachelor of Science in Criminology and Criminal Justice and a minor in Business. I successfully completed the 12 weeks of Criminal Investigator Training Course (CITP) at the Federal Law Enforcement Training Center (FLETC). I have also completed the 12-week HSI Special Agent Training at FLETC.

5. Your affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrest for offenses enumerated in Section 1326 of Title 8, to include Sections 8, 18, 19, and 21 of the United States Code.

6. I have participated in the investigation discussed in this Affidavit. I have also discussed the investigation with members of other law enforcement agencies involved in it. I have reviewed records and reports related to this investigation.

## APPLICABLE LAW

7. Title 8, United States Code, Section 1326(a) provides:

>Subject to subsection (b), any alien who–
>
>(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
>(2) enters, attempts to enter, or is at any time found in, the United States, unless
>
>>(A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or
>>
>>(B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
>
>shall be fined under title 18, or imprisoned not more than 2 years, or both.

9. The elements of the offense of Deported Alien Found in the United States under 8 U.S.C §§ 1326(a) are: (1) the defendant was removed from the United States; (2) thereafter, the defendant voluntarily entered the United States; (3) after entering the United States the defendant knew that he was in the United States and knowingly remained; (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; (5) the defendant was an alien at the time of the defendant's entry into the United States; (6) the defendant was free from official restraint at the time he entered the United States.

**STATEMENT OF PROBABLE CAUSE**

10. **GARCIA-MOGOLLAN** is a forty-two (42) year old male. **GARCIA-MOGOLLAN** is a native and citizen of Mexico. **GARCIA-MOGOLLAN** is not a United States citizen.

3

11. On or about October 3, 2009, **GARCIA-MOGOLLAN** was issued an Expedited Removal Order and was physically removed from the United States to Mexico on or about that same day. **GARCIA-MOGOLLAN** was arrested again after illegally re-entering the border on November 17, 2009. On November 18, 2009, the prior Expedited Removal Order was reinstated, and **GARCIA-MOGOLLAN** was again removed.

13. On or about August 19, 2023, **GARCIA-MOGOLLAN** was found in the United States after being arrested in San Mateo County for California for sexual battery while the victim is restrained, incapacitated, or unconscious under California Penal Code ("PC") § 243.4(A). On December 16, 2024, **GARCIA-MOGOLLAN** was convicted of that offense in San Mateo County Superior Court and sentenced to two years' imprisonment.

14. **GARCIA-MOGOLLAN**'s fingerprints were taken as part of standard booking procedures for that arrest. His fingerprints were electronically submitted to the California Department of Justice, National Crime Information Center/Next Generation Identification, and DHS/ICE databases. DHS confirmed that the fingerprints from **GARCIA-MOGOLLAN**'s November 18, 2009 removal match the fingerprints taken when he was arrested on or about August 19, 2023.

15. DHS-U.S. Citizen and Immigration Services performed a search to determine whether any records existed indicating that **GARCIA-MOGOLLAN** had obtained consent from the Attorney General or the Secretary of the Department of Homeland Security to reapply for readmission into the United States. On or about March 26, 2025, after a diligent search, no such records were found to exist.

16.     **GARCIA-MOGOLLAN** was at all times described above, and remains, an alien. **GARCIA-MOGOLLAN** was free from official restraint subsequent to his November 2009 removal and up until being found in the United States in August 2023.

## CONCLUSION

17.     Based on the information above, there is probable cause to believe that on or about August 19, 2023, **GARCIA-MOGOLLAN** violated 8 U.S.C §§ 1326(a) – Deported Alien Found in United States. Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

18.     I further request, in order to avoid **GARCIA-MOGOLLAN** destroying evidence, fleeing, or otherwise impeding my investigation prior to the execution of the arrest warrant, and for the safety of agents and officers, that this affidavit, and the corresponding complaint and arrest warrant, be filed under seal until execution of the arrest warrant, except that copies should be made available to the United States Attorney's Office, the Department of Homeland Security, and other law enforcement and intelligence agencies, including foreign law enforcement and intelligence agencies, as necessary for use in investigation and prosecution.

_____/s/_____
Grant Zonaras
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me over the telephone and signed pursuant to
Federal Rule of Criminal Procedure 4.1 and 4(d) on this 2nd day of May 2025.

_____
HON. ALEX G. TSE
United States Magistrate Judge